**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE NORIEGA, | |
| Petitioner, | 3:11-cv-00611-LRH-WGC |
| vs. | **ORDER** |
| ROBERT LA GRAND, *et al.*, | |
| Respondents. | |

Petitioner, a Nevada state prisoner, has filed a *pro se* petition for writ of habeas corpus, purportedly pursuant to 28 U.S.C. § 2241 (ECF #5). However, petitioner is in state custody pursuant to a state-court judgment, and therefore, the court will construe this as a petition pursuant to 28 U.S.C. § 2254. Pursuant to the Rules Governing Habeas Cases, Rule 4, the court has reviewed the petition and finds that it must be dismissed.

**I. PROCEDURAL HISTORY**

According to the petition, petitioner is incarcerated pursuant to a judgment of conviction filed on July 13, 2009 (ECF #5). He pled guilty to lewdness with a child under 14 and was sentenced to life in prison with the possibility of parole (*id*.).

On October 5, 2011, the Nevada Supreme Court issued an order affirming the district court order denying petitioner's motion to set aside the guilty plea and affirming the district court order denying a postconviction petition for a writ of habeas corpus as untimely (*see* ECF #21, respondents' status report at 5-7). On December 7, 2011, the Nevada Supreme Court declined to exercise original jurisdiction over petitioner's proper person petition for a writ of mandamus and issued an order denying the petition (*see*

ECF #21 at 15).  In the meantime, petitioner filed this federal habeas petition on August 25, 2011 (*see* ECF #1-1).

## II. DISCUSSION

The petition vaguely asserts three grounds for relief (ECF #5).  First, petitioner states that his Sixth Amendment right to counsel has been violated.  He claims only that he would have gone to trial, that counsel did not present his best interest and that a conflict existed (*id*. at 4).  Under ground 2, petitioner asserts that his Fourteenth Amendment right to file a motion to withdraw was violated (*id*. at 6).  He states: "the court refused to file motions the plea violates the very core principle of Rule 11, and he should be alowed [sic] to withdraw for any fair and just, there was no benefit to a life sentence" (*id*.).  Under ground 3, petitioner asserts that his Sixth and Fourteenth Amendment right to due process was violated (*id*. at 8).  He states: "because there is a showing of cause and prejudice . . . the judicial process does not provide fair procedure (failed to file his P.C.R.) but put it into his personal file.  This would be an equal protection claim for denial of access to the courts" (*id*.).

The court cannot discern any habeas claims from this petition.  While petitioner vaguely alludes to constitutional principles, he has not provided sufficient factual allegations to form the basis for a habeas petition.  Accordingly, this petition must be dismissed for failure to state a claim for which relief may be granted.[1]

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id*.; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. (quoting *Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among

---

[1] The court notes, without deciding, that, in all likelihood this federal petition is also untimely.

jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id*.

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court denies petitioner a certificate of appealability.

**III. CONCLUSION**

**IT IS THEREFORE ORDERED** that this petition for a writ of habeas corpus (ECF #5) is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** and close this case.

DATED this 11th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3